UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW Q. KRAFT,

                              Plaintiff,

      -against-                         Docket No. 24-cv-02619-LJL

THE ARENA GROUP HOLDINGS INC. and      **ANSWER TO**
MANOJ BHARGHAVA,                            **<u>COUNTERCLAIMS</u>**

                             Defendants.      **JURY DEMANDED WITH**
------------------------------------------------------------------X      **WITH RESPECT TO**
                                                                               **COUNTERCLAIMS**

        Plaintiff Andrew Q. Kraft ("Plaintiff" or "Kraft"), by his attorneys Rosenberg Fortuna & Laitman, LLP as and for his Answer to the Counterclaims of Defendant The Arena Group Holdings Inc. ("Arena" or "Defendant") dated June 24, 2024 [ECF Docket No. 17] respectfully responds as follows:

        1.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Counterclaims.

        2.     Denies knowledge and information sufficient to form a belief as the truth of the allegations contained in paragraphs "2" of the Counterclaims.

        3.     Admits the allegations contained in the first paragraph numbered "3" of the Counterclaims.[1]

        4.     Paragraph "4" of the Counterclaims contains conclusion(s) of law to which no response is required to the extent the response is required, Plaintiff denies knowledge and

---

[1] The counterclaims contain two paragraphs numbered "3". As and for his answer to the second paragraph of the counterclaims numbered "3", Plaintiff responds as follows: This paragraph contains conclusion(s) of law to which no response is required. To the extent a response is required Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

1

information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Counterclaims.

5. Admits the allegations contained in paragraph "5" of the Counterclaims.

6. Denies so much of the allegations of paragraph "6" of the Counterclaims as allege that Plaintiff "was deceitful in there use in order to enrich himself and his friends" and otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph "6" for the Counterclaims.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Counterclaims.

8. Denies the allegations of paragraph "8" of the Counterclaims.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "9" of the Counterclaims.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Counterclaims except admits that the execution of a binding letter of intent and a business combination agreement and respectfully refers the same to the Court for a determination of the terms and import thereof.

11. Denies the allegations of paragraph "11" of the Counterclaims.

12. Denies the allegations of paragraph "12" of the Counterclaims.

13. Denies the allegations of paragraph "13" of the Counterclaims.

14. Denies the allegations of paragraph "14" of the Counterclaims.

15. Denies the allegations of paragraph "15" of the Counterclaims.

16. Denies the allegations of paragraph "16" of the Counterclaims.

17. Denies the allegations of paragraph "17" of the Counterclaims.

18. Denies the allegations of paragraph "18" of the Counterclaims.

19. Denies the allegations of paragraph "19" of the Counterclaims.

20. Denies the allegations of paragraph "20" of the Counterclaims.

21. Denies the allegations of paragraph "21" of the Counterclaims.

22. Denies the allegations of paragraph "22" of the Counterclaims.

23. Denies the allegations of paragraph "23" of the Counterclaims.

24. Denies the allegations of paragraph "24" of the Counterclaims.

25. Denies the allegations of paragraph "25" of the Counterclaims except admits that Kraft signed a First Amendment to his employment agreement and Severance Side Letter on or about August 13, 2023, and respectfully refers said documents to the Court for an interpretation of the terms and import thereof.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "26" of the Counterclaims and respectfully refers the entirety of the document referenced therein to the Court for a determination of the terms and import thereof.

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "27" of the Counterclaims.

28. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "28" of the Counterclaims.

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "29" of the Counterclaims.

30. Denies the allegations of paragraph "30" of the Counterclaims.

31. Denies the allegations of paragraph "31" of the Counterclaims.

32. Denies the allegations of paragraph "32" of the Counterclaims.

33. Denies the allegations of paragraph "33" of the Counterclaims except admits that Kraft met with the Compensation Committee on November 2, 2023.

34. Denies the allegations of paragraph "34" of the Counterclaims.

35. Denies the allegations of paragraph "35" of the Counterclaims.

36. Denies the allegations of paragraph "36" of the Counterclaims.

37. Denies the allegations of paragraph "37" of the complaint except admits that the Compensation Committee approved the November 2nd Change in Control Bonuses.

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "38" of the Counterclaims.

39. Denies the allegations of paragraph "39" of the Counterclaims.

40. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "40" of the Counterclaims.

41. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "41" of the Counterclaims.

42. Denies the allegations of paragraph "42" of the complaint except admits that Tripp met with Kraft on December 5, 2023.

43. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "43" of the Counterclaims.

44. Denies knowledge and information sufficient to form a belief as to so much of the allegations of paragraph "44" of the Counterclaims as alleged that the Board met again on December 21, 2023, and otherwise denies the remaining allegations of paragraph "44" of the Counterclaims.

45. As and for his response to paragraph "45" of the Counterclaims, Plaintiff repeats and reasserts each and every response heretofore contained herein.

46. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Counterclaims.

47. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "47" of the Counterclaims.

48. Denies the allegations of paragraph "48" of the Counterclaims.

49. Denies the allegations of paragraph "49" of the Counterclaims.

50. Denies the allegations of paragraph "50" of the Counterclaims.

51. Denies the allegations of paragraph "51" of the Counterclaims.

52. Denies the allegations of paragraph "52" of the Counterclaims.

53. As and for his response to paragraph "53" of the Counterclaims, Plaintiff repeats and reasserts each and every response heretofore contained herein.

54. Denies the allegations of paragraph "54" of the Counterclaims.

55. Denies the allegations of paragraph "55" of the Counterclaims.

56. Denies the allegations of paragraph "56" of the Counterclaims.

57. Denies the allegations of paragraph "57" of the Counterclaims.

58. Denies the allegations of paragraph "58" of the Counterclaims.

59. Denies the allegations of paragraph "59" of the Counterclaims.

60. Denies the allegations of paragraph "60" of the Counterclaims.

61. Denies the allegations of paragraph "61" of the Counterclaims.

62. Denies the allegations of paragraph "62" of the Counterclaims.

63. Denies the allegations of paragraph "63" of the Counterclaims.

64. Denies the allegations of paragraph "64" of the Counterclaims.

65. As and for his response to paragraph "65" of the Counterclaims, Plaintiff repeats and reasserts each and every response heretofore contained herein.

66. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "66" of the Counterclaims.

67. Denies the allegations of paragraph "67" of the Counterclaims.

68. Denies the allegations of paragraph "68" of the Counterclaims.

69. Denies the allegations of paragraph "69" of the Counterclaims.

70. Denies the allegations of paragraph "70" of the Counterclaims.

71. Denies the allegations of paragraph "71" of the Counterclaims.

72. Denies the allegations of paragraph "72" of the Counterclaims.

73. Denies each and every allegation of the Counterclaims not expressly referenced herein.

## AFFIRMATIVE DEFENSES

74. Without assuming any burden of pleading or proof which would otherwise rest upon Arena, Kraft asserts the following affirmative defenses.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

75. The Counterclaims fail to state a claim for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

76. The Counterclaims are barred by documentary evidence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

77. The Counterclaims are barred by the doctrines of waiver, estoppel, ratification and/or acquiescence.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

78. The Counterclaims are barred by defendants' unclean hands.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

79. Defendant failed to perform one or more conditions precedent to the interposition of the Counterclaims.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

80. The Counterclaims are barred to the extent that Defendant failed to mitigate any alleged damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

81. The Counterclaims are barred because of a lack of damages.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

82. The Counterclaims are barred in whole or in part because Arena has not suffered any damages as a result of Kraft's alleged conduct.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

83. To the extent Arena has suffered any legally cognizable damages or harm, which Kraft denies, any damages or harm were caused by intervening or superseding events, factors, occurrences or conditions which were not caused or controlled by Kraft, and are events, factors, occurrences or conditions for which Kraft is not liable.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

84. To the extent Arena has suffered any legally cognizable damages or harm, which Kraft denies, all such claims are barred in whole or in part because all such alleged damages were caused by Arena's own actions.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

85. The Counterclaims are barred in whole or in part in that Arena had equal means to discover the truth or falsity of any alleged statement(s) attributed to Kraft.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

86. Because the counterclaim does not plead sufficient facts to enable Kraft to determine all of this applicable defense, Kraft reserves his right to serve any and all additional defenses once the precise nature of the claims can be ascertained.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

87. Kraft asserts all the defenses that may be revealed during the course of discovery.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

88. Arena failed to provide the contractually-required notice of default as a condition precedent to any alleged "for cause" termination of Kraft.

### JURY DEMAND

Kraft hereby demands a jury trial with respect to the counterclaims.

**WHEREFORE,** Plaintiff Andrew Q. Kraft respectfully prays for a judgment dismissing the Counterclaims with prejudice together with the costs and disbursements of the Counterclaims.

Dated: Garden City, New York
July 15, 2024

**ROSENBERG FORTUNA & LAITMAN, LLP**

By: *Anthony R. Filosa*
**ANTHONY R. FILOSA**
Attorneys for **Plaintiff**

**Andrew Q. Kraft**
666 Old Country Road, Suite 810
Garden City, New York 11530
(516) 228-6666